**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| LAKEESHA DIXON-STARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:26-cv-00891 |
| | ) | |
| TIKTOK U.S. DATA SECURITY, INC., | ) | JUDGE CAMPBELL |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 26, 2026, Plaintiff Lakeesha Dixon-Starnes, a Tennessee resident proceeding pro se, filed a Verified Complaint for Injunctive and Monetary Relief (Doc. No. 1, "the Complaint") against Defendants TikTok U.S. Data Security, Inc., TikTok USDS Joint Venture, LLC, and Bytedance, Inc., asserting claims under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*

Plaintiff has now filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 18) that bears a handwritten signature, as well as a Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 19) that is personally signed. Plaintiff's IFP application demonstrates that she cannot afford to pay the $405 filing fee without undue hardship and is therefore **GRANTED**. 28 U.S.C. § 1915(a). Her motion seeking leave to use a "personally applied handwritten mark" in lieu of "a conventional full signature" (Doc. No. 21-2) is also **GRANTED**.

The Court now proceeds to an initial review of Plaintiff's filings.

# I. INITIAL REVIEW

Under the pauper statute, the Court must review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). In the course of this initial review, the Court takes up Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 19).

"Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries h[er] burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). In determining whether to issue a TRO or preliminary injunction, the Court weighs the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *E.g.*, *A&W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022) (citing *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)).

"[T]he key premise of a preliminary injunction [is] a showing of a likelihood of success on the merits." *L. W. by & through Williams v. Skrmetti*, 83 F.4th 460, 471 (6th Cir. 2023), *aff'd sub*

*nom. United States v. Skrmetti*, 605 U.S. 495 (2025). In this case, the Court cannot find that Plaintiff is likely to succeed on the merits of her claims under the FMLA, because the allegations of her Complaint cast doubt on whether jurisdiction over those claims can be established.

"The FMLA allows 'eligible' employees up to twelve weeks of unpaid leave during any twelve-month period if the employee meets certain requirements under the Act and has experienced a triggering event such as the birth of a child, or a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Cross v. Dental Assisting Acad. of Louisville, LLC*, 417 F. Supp. 3d 836, 839 (W.D. Ky. 2019) (quoting 29 U.S.C. § 2612(a)(1)(D)). Plaintiff claims that she suffers from a serious mental health condition and that Defendants both interfered with her exercise of rights under the FMLA, 29 U.S.C. § 2615(a)(1), and retaliated against her for exercising those rights, *id.* § 2615(a)(2). (Doc. No. 1 at 5–6.)

To have any chance of succeeding on her claims, Plaintiff must first establish that she is an "eligible employee" under the FMLA. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (finding "that the FMLA's 'eligible employee' requirement applies in all FMLA cases, including retaliation cases"). An "eligible employee" is "an employee who has been employed-- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). "Where a plaintiff does not qualify as an 'eligible employee,' the court lacks jurisdiction to decide the FMLA case." *Humenny*, 390 F.3d at 904 (citing *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998)).

The eligibility requirements of 12 months' employment and 1,250 service hours are to be measured "as of the date the FMLA leave is to start," 29 C.F.R. § 825.110(d), "not the day the employer takes an adverse action against the employee." *Ricco v. Potter*, 377 F.3d 599, 604 n.4

3

(6th Cir. 2004); *see also Cross*, 417 F. Supp. 3d at 840–44 (citing, *e.g.*, *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008) and *Butler v. Owens-Brockway Plastic Prods.*, 199 F.3d 314, 316 (6th Cir. 1999)). "To determine 'hours of service,' the FMLA instructs that the legal standards employed by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, shall apply. *Id.* § 2611(2)(C). Under the FLSA, hours of service include only those hours that an employee actually works; time off for vacation, holiday, or illness is excluded. *Id.* § 207(e)(2)." *Ingrassia v. Cnty. of Sullivan, New York*, 262 F. Supp. 2d 116, 119 (S.D.N.Y. 2003).

Here, the Complaint alleges only that "Plaintiff had been employed by Defendants for more than twelve months before the effective separation date"; that "[t]he payroll, time, leave, and benefits records relevant to Plaintiff's hours worked, leave designation, eligibility, and damages are in Defendants' possession and control"; and that Plaintiff was therefore "an eligible employee." (Doc. No. 1 at 4–5.) The Complaint does not allege that Plaintiff met the service hours requirement as of the day her requested FMLA leave was to start, nor does it otherwise describe the schedule she worked. *Cf. Rodriguez v. JSPLTC, LLC*, No. CIV. 12-6565 RBK/JS, 2013 WL 1791145, at *3 (D.N.J. Apr. 25, 2013) (dismissing FMLA claim in the absence of "any factual allegations regarding the total number of hours worked, [plaintiff's] weekly schedule, her status as a full-time or part-time employee, or any other relevant allegation"). As discussed below, the Complaint's allegations are not sufficient to establish any plausible right to relief under the FMLA.

The Complaint alleges that Plaintiff's employment began in November 2024, and that "Defendants stated that Plaintiff had been approved for and had used multiple periods of leave, including: a. November 8, 2024 through November 20, 2024; b. December 4, 2024 through April 6, 2025; c. April 22, 2025 through December 31, 2025; and d. March 26, 2026 through June 17, 2026." (*Id.* at 3–4.) Plaintiff's medical provider submitted a request to Defendants on June 3, 2026,

4

asking that her leave be "extended" through October 10, 2026. (*Id.* at 3.) The provider opined that Plaintiff was unable to perform work functions, and "that no specific workplace accommodation other than continued leave could then clearly be identified and that the anticipated return date remained an estimate subject to reassessment." (*Id.*) In a notice dated June 17, 2026, Defendants refused the requested leave and advised that Plaintiff's employment would end effective June 22, 2026. (*Id.*)

Based on the allegations that Plaintiff spent roughly 16 of her 20 months of employment by Defendants on leave, and the absence of nonconclusory allegations from which the Court could infer that she met the "1,250 hours of service" requirement, the Court finds it unlikely that she can succeed on the merits of her FMLA claims. Indeed, given its failure to plausibly establish this requirement, the Complaint in its current form fails to state any FMLA claim upon which relief may be granted and is therefore subject to dismissal. *See, e.g.*, *Mishak v. Akron Pub. Schs.*, No. 5:09CV351, 2009 WL 2351730, at *2 (N.D. Ohio July 28, 2009) ("Without providing any specifics, Mishak pleads that he 'worked the requisite number of hours' … [which] is a bare legal conclusion that is insufficient as a matter of law to state a claim for relief.") (collecting cases dismissing for failure to plausibly plead FMLA eligibility).

## II. CONCLUSION

For the reasons given above, the Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 19) and the Motion to Expedite Consideration (Doc. No. 11) are **DENIED**.

The Court in its discretion will allow Plaintiff an opportunity to amend her Complaint in order to provide additional factual support for her FMLA claims. *See Mishak*, *supra* at *3. If

Plaintiff is to maintain this action, she must file an Amended Complaint that cures the deficiency in her original pleading, identified above.

Plaintiff **MUST** file her Amended Complaint within **30 DAYS** of the date this Order is entered on the docket. The address for filing in person or by mail is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires) will result in the dismissal of this case for failure to prosecute and failure to comply with the Court's order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6