**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LAKEESHA DIXON-STARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00891** |
| | ) | |
| **TIKTOK U.S. DATA SECURITY, INC., et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 26, 2026, Plaintiff Lakeesha Dixon-Starnes, a Tennessee resident proceeding pro se, filed a Verified Complaint for Injunctive and Monetary Relief (Doc. No. 1, "the Complaint") against Defendants TikTok U.S. Data Security, Inc., TikTok USDS Joint Venture, LLC, and Bytedance, Inc., asserting claims under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.* Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3), which she subsequently amended. (Doc. No. 19.)

On July 20, 2026, the Court granted pauper status and conducted an initial review of the Complaint under 28 U.S.C. § 1915(e)(2), in the course of which it also denied Plaintiff's amended motion for emergency injunctive relief. (Doc. No. 22.) The Court found that the allegations of the Complaint did not plausibly support any claim to relief under the FMLA, reasoning as follows:

> "The FMLA allows 'eligible' employees up to twelve weeks of unpaid leave during any twelve-month period if the employee meets certain requirements under the Act and has experienced a triggering event such as the birth of a child, or a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Cross v. Dental Assisting Acad. of Louisville, LLC*, 417 F. Supp. 3d 836, 839 (W.D. Ky. 2019) (quoting 29 U.S.C. § 2612(a)(1)(D)). Plaintiff claims that she suffers from a serious mental health condition and that Defendants both interfered with her exercise of rights under the FMLA, 29 U.S.C.

§ 2615(a)(1), and retaliated against her for exercising those rights, *id.* § 2615(a)(2). (Doc. No. 1 at 5–6.)

To have any chance of succeeding on her claims, Plaintiff must first establish that she is an "eligible employee" under the FMLA. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (finding "that the FMLA's 'eligible employee' requirement applies in all FMLA cases, including retaliation cases"). An "eligible employee" is "an employee who has been employed--(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). "Where a plaintiff does not qualify as an 'eligible employee,' the court lacks jurisdiction to decide the FMLA case." *Humenny*, 390 F.3d at 904 (citing *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998)).

The eligibility requirements of 12 months' employment and 1,250 service hours are to be measured "as of the date the FMLA leave is to start," 29 C.F.R. § 825.110(d), "not the day the employer takes an adverse action against the employee." *Ricco v. Potter*, 377 F.3d 599, 604 n.4 (6th Cir. 2004); *see also Cross*, 417 F. Supp. 3d at 840–44 (citing, *e.g.*, *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008) and *Butler v. Owens-Brockway Plastic Prods.*, 199 F.3d 314, 316 (6th Cir. 1999)). "To determine 'hours of service,' the FMLA instructs that the legal standards employed by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, shall apply. *Id.* § 2611(2)(C). Under the FLSA, hours of service include only those hours that an employee actually works; time off for vacation, holiday, or illness is excluded. *Id.* § 207(e)(2)." *Ingrassia v. Cnty. of Sullivan, New York*, 262 F. Supp. 2d 116, 119 (S.D.N.Y. 2003).

Here, the Complaint alleges only that "Plaintiff had been employed by Defendants for more than twelve months before the effective separation date"; that "[t]he payroll, time, leave, and benefits records relevant to Plaintiff's hours worked, leave designation, eligibility, and damages are in Defendants' possession and control"; and that Plaintiff was therefore "an eligible employee." (Doc. No. 1 at 4–5.) The Complaint does not allege that Plaintiff met the service hours requirement as of the day her requested FMLA leave was to start, nor does it otherwise describe the schedule she worked. *Cf. Rodriguez v. JSPLTC, LLC*, No. CIV. 12-6565 RBK/JS, 2013 WL 1791145, at *3 (D.N.J. Apr. 25, 2013) (dismissing FMLA claim in the absence of "any factual allegations regarding the total number of hours worked, [plaintiff's] weekly schedule, her status as a full-time or part-time employee, or any other relevant allegation"). As discussed below, the Complaint's allegations are not sufficient to establish any plausible right to relief under the FMLA.

The Complaint alleges that Plaintiff's employment began in November 2024, and that "Defendants stated that Plaintiff had been approved for and had used multiple periods of leave, including: a. November 8, 2024 through November 20, 2024; b. December 4, 2024 through April 6, 2025; c. April 22, 2025 through December 31,

> 2025; and d. March 26, 2026 through June 17, 2026." (*Id.* at 3–4.) Plaintiff's medical provider submitted a request to Defendants on June 3, 2026, asking that her leave be "extended" through October 10, 2026. (*Id.* at 3.) The provider opined that Plaintiff was unable to perform work functions, and "that no specific workplace accommodation other than continued leave could then clearly be identified and that the anticipated return date remained an estimate subject to reassessment." (*Id.*) In a notice dated June 17, 2026, Defendants refused the requested leave and advised that Plaintiff's employment would end effective June 22, 2026. (*Id.*)
>
> Based on the allegations that Plaintiff spent roughly 16 of her 20 months of employment by Defendants on leave, and the absence of nonconclusory allegations from which the Court could infer that she met the "1,250 hours of service" requirement, the Court finds it unlikely that she can succeed on the merits of her FMLA claims. Indeed, given its failure to plausibly establish this requirement, the Complaint in its current form fails to state any FMLA claim upon which relief may be granted and is therefore subject to dismissal. *See*, *e.g.*, *Mishak v. Akron Pub. Schs.*, No. 5:09CV351, 2009 WL 2351730, at *2 (N.D. Ohio July 28, 2009) ("Without providing any specifics, Mishak pleads that he 'worked the requisite number of hours' … [which] is a bare legal conclusion that is insufficient as a matter of law to state a claim for relief.") (collecting cases dismissing for failure to plausibly plead FMLA eligibility).

(Doc. No. 22 at 3–5.)

Rather than dismiss the Complaint at that point, the Court in its discretion allowed Plaintiff an file an amendment "in order to provide factual support for her FMLA claims" (*id.* at 5)—i.e., in order to allege facts from which the Court could reasonably infer that she met the 1,250 service hours requirement, and so was an eligible employee for purposes of the FMLA. Plaintiff filed her First Amended Verified Complaint for Injunctive and Monetary Relief (Doc. No. 23, "the Amended Complaint") on July 20, 2026. The Court has reviewed the Amended Complaint for additional factual allegations concerning Plaintiff's hours of service with Defendants prior to the date her FMLA leave was to start, and finds none.

The Amended Complaint repeats the original Complaint's allegations that Plaintiff "began employment with Defendants in or about November 2024" (*id.* at 3); that she "had been employed by Defendants for more than twelve months before the leave and separation at issue" (*id.* at 4); but

that she had been forced to take "medically necessary leave" almost immediately after beginning her employment, and through much of the time that followed: from "November 8 through November 20, 2024; December 4, 2024, through April 6, 2025; April 22, 2025, through December 31, 2025; and March 26, 2026, through June 17, 2026." (*Id.*) On June 5, 2026, Plaintiff had submitted paperwork (including her treating physician's assessment) in support of a requested extension of medical leave until October 10, 2026, when her ability to return to work would need to be reassessed. (*Id.* at 5.) Defendants declined the request for another period of medical leave and notified Plaintiff that she would be placed on non-working administrative leave after the approved period of medical leave expired on June 17, 2026, until her termination from employment on June 22, 2026. (*Id.* at 6.)

The Amended Complaint's lone allegation concerning Plaintiff's hours worked is the following: "Plaintiff alleges that she satisfied the FMLA's hours-worked requirement during the applicable twelve-month period. The precise payroll, timekeeping, attendance, and leave records necessary to confirm that calculation are in Defendants' possession and control." (*Id.* at 4.) Respectfully, with the amount of medical leave Plaintiff has required during her tenure with Defendants, it is a near impossibility that she was able to perform work for 1,250 hours (or roughly 156 eight-hour days) between November 2024 and the date her requested FMLA leave was to start, which for these purposes is presumed to be June 18, 2026. As explained in the Court's prior Order, the onus is on Plaintiff to provide factual allegations specifying her work schedule and how it reasonably could have allowed her to log 1,250 service hours despite the long periods of time she spent on leave, not working. Instead of supplying such allegations, the Amended Complaint provides only the conclusory assertion "that she satisfied the FMLA's hours-worked requirement during the applicable twelve-month period." (*Id.* at 4.) The Court is "not required to accept legal

conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). Plaintiff has not alleged facts from which the Court could reasonably infer that she satisfied the FMLA's "hours of service" requirement. She thus has not plausibly pled that she is an "eligible employee" under the FMLA, and the Court therefore cannot grant relief on the two FMLA claims that comprise the whole of the Amended Complaint. *Humenny*, 390 F.3d at 904.

For these reasons, and based on the reasons given and the authorities cited in the Court's prior Order (Doc. No. 22), this *in forma pauperis* action is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's pending motions (Doc. Nos. 6 and 24) are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE